# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2423

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Arkansas. |
| | * | |
| Kyle S. Love, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  January 14, 2003

Filed:  January 22, 2003

_____

Before LOKEN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Kyle S. Love consented to a search of his residence by Des Arc police officers investigating reports of methamphetamine manufacturing.  Once inside, police observed a long gun and a black metal Ruger box, designed to secure a handgun. Police discontinued the search, ran a criminal history check on Love which disclosed Love had a felony conviction, and applied for a search warrant.  The affidavit seeking the search warrant included descriptions of the long gun, handgun box, and Love's status as a convicted felon.  Police provided copies of court documents showing Love's conviction to the magistrate judge ruling on the warrant request.  Police obtained the warrant and returned later to search Love's house.  During the second

search, police found drugs. Police stopped searching and obtained a second search warrant for drugs. Police found more drugs when executing the warrant. Several months later, police obtained and executed a third warrant to search for drugs, finding chemicals and equipment used to manufacture methamphetamine. Love was charged with firearm and drug-related offenses.

Love moved to suppress the evidence, arguing the first search warrant permitting the search for weapons lacked probable cause. After the district court[*] denied Love's motion, Love entered a conditional guilty plea to manufacturing a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (2000), reserving the right to appeal the denial of the motion to suppress. Having reviewed the district court's findings of fact supporting the denial of Love's motion to suppress the evidence for clear error, and determinations of probable cause de novo, we affirm. United States v. Terry, 305 F.3d 818, 822 (8th Cir. 2002).

Love contends that because he received a suspended sentence for the first drug infraction, he was not convicted, and thus his possession of firearms was not illegal. Like the district court, we reject this assertion. Under Arkansas law, a determination that a person is guilty of a felony is a conviction even though the court suspended imposition of the sentence. See 1977 Ark. Acts 360 § 3103(3) (statute in force when Love was convicted); see also Ark. Code Ann. § 5-73-103(b)(1) (Michie 1997) (current statute).

Love also contends that because his conditions of probation restrict him from owning guns "except for hunting," the officer's observation of guns in his residence does not support probable cause for the warrant. We disagree. Even if Love's

---

[*]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas, adopting the Report and Recommendation of United States Magistrate Judge Henry L. Jones, Jr.

probation conditions permitted him to own hunting rifles, he was not permitted to own a handgun. The affidavit supporting the application for the search warrant describes the Ruger handgun box, and Love's possession of a handgun box sets forth sufficient facts to create a fair probability that Love, a felon, possessed a handgun at his home. Terry, 305 F.3d at 822. Further, we find no error in the district court's findings of fact that the affidavit supporting the application for the search warrant contained no intentionally or recklessly false statements about Love's status as a felon in possession of a firearm. See Franks v. Delaware, 438 U.S. 154, 155-56 (1978). The officers reasonably believed that Love was not permitted to own firearms and they properly secured a search warrant before continuing to search Love's home.

Love also contends the search warrant for firearms was a pretext to search for drugs. The district court rejected this assertion, and we agree. Even if the officers had dual motives to search for drugs and firearms, the officers were lawfully executing a valid warrant for firearms, thus the discovery of drugs was not the product of an unlawful search. United States v. Clayton, 210 F.3d 841, 843-45 (8th Cir. 2000); see also United States v. Schmitz, 181 F.3d 981, 988 (8th Cir. 1999).

Each of Love's contentions is without merit. Having found the search warrant for firearms was supported by probable cause, we need not address the good faith exception argued in the alternative by both parties. We thus affirm the district court's denial of Love's motion to suppress the evidence. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-